FILED

2017 SEP 15 AM 10: 02

DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| RACHEL HALL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No.** |
| | ) | |
| THE METROPOLITAN | ) | |
| GOVERNMENT OF NASHVILLE AND | ) | |
| DAVIDSON COUNTY, TENNESSEE, et | ) | |
| al. | ) | |
| | ) | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Defendants the Metropolitan Government of Nashville and Davidson County, Megan Arnett, Benjamin Winkler, and Don Aaron (collectively "the Removing Defendants), file this notice of removal pursuant to 28 U.S.C. § 1441 and §1446 based on the following grounds:

1.    This suit originated in the Circuit Court of Davidson County, Tennessee. The Defendant Don Aaron, who was the first of the Removing Defendants served, was served with a summons and a copy of the Complaint on August 21, 2017.

2.    The Complaint contains causes of action arising under the Constitution and laws of the United States. Specifically, in paragraphs 42 – 70, Plaintiff alleges a cause of action arising under 42 U.S.C. § 1983 against the Metropolitan Government. Plaintiff also alleges a cause of action under 42 U.S.C. § 1983 against individual defendants in paragraphs 71 – 77 of the Complaint.

3.    The Complaint and summons which were served upon Defendant Don Aaron are attached as Exhibit A.

4. The United States District Court for the Middle District of Tennessee has jurisdiction of this cause under 28 U.S.C. § 1331, which confers original jurisdiction on district courts of all civil actions arising under the constitution, laws, or treaties of the United States.

5. All of the Defendants whom have been served consent to removal.

6. Based upon the foregoing, the case is properly removed to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1441 and § 1446.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
JON COOPER, #23571
DIRECTOR OF LAW

Keli J. Oliver (#21023)
Melissa Roberge (#26230)
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
*Attorneys for the Metropolitan Government, Megan Arnett, Benjamin Winkler, and Don Aaron*

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was delivered via U.S. Mail to the following:

Sais Phillips Finney
4235 Hillsboro Pk, Suite 300
Nashville, TN 37215
sais@asapfinneylaw.com
*Attorney for Plaintiff*

S.S. Richards
1201A 7th Ave. N.
Nashville TN, 37208, 615-742-5373,
sr@mylawyertennessee.com
*Attorney for Plaintiff*

on the <u>15th</u> day of September, 2017.

Keli J. Oliver

Copy

17C2035

FILED

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

2017 AUG 15 PM 3:36

RICHARD R ROOKER, CLERK

| | | |
|---|---|---|
| **RACHEL HALL** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **METRO GOVERNMENT OF NASHVILLE &** | ) | Case No. 17C2035 |
| **DAVIDSON COUNTY,** | ) | |
| | ) | Jury Demanded |
| **ELIZABETH BERRY-LOUCKS,** | ) | |
| | ) | |
| **MEGAN ARNETT,** and | ) | |
| | ) | |
| **BENJAMIN WINKLER,** | ) | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | ) | |
| CAPACITY AS METRO GOVERNMENT OF | ) | |
| NASHVILLE & DAVIDSON COUNTY POLICE | ) | |
| OFFICERS; | ) | |
| | ) | |
| **DON AARON,** | ) | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ) | |
| CAPACITY AS METRO NASHVILLE PUBLIC | ) | |
| AFFAIRS MANAGER; | ) | |
| | ) | |
| Defendants. | | |

---

## COMPLAINT FOR DAMAGES

---

COMES NOW Your Plaintiff, Rachel Hall, by and through counsel, and files this
Complaint for Damages (hereinafter "Complaint") and states:

## I.    INTRODUCTION

1

Copy

This action arises under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Tennessee governmental tort liability statutes; under Tenn. Code Ann. §29-20-101, et seq., and under Tennessee common law for negligence, assault and battery, and false light invasion of privacy.

While the Individual Defendants were acting in the scope of their employment and under color of state law, they unlawfully assaulted, brutalized and detained the Plaintiff causing her to suffer physical, mental and emotional injuries. In an effort to hide and/or minimize the brutal nature of the assault Defendants inflicted upon Plaintiff, Defendants published deceptive and defamatory information regarding Plaintiff which was widely published on the internet, and in local, national and international media.

This action is also brought against the City of Nashville for its failure to properly train, supervise and discipline the Individual Defendants, failure to prevent and its acquiescence in the unlawful conduct committed by the Individual Defendants, including the use of excessive force, unlawful detention, malicious prosecution and false light invasion of privacy of the Plaintiff.

## II. PARTIES

1. Plaintiff, Rachel Hall, is an adult resident of Nashville, Davidson County, Tennessee.

2. Defendant, Metro Government of Nashville and Davidson County ("City of Nashville"), is a municipal entity, located in Davidson County, Tennessee, recognized by the State of Tennessee as a properly organized and legal municipal entity and can be served with

2

process through its city attorney, Macy Amos at her office located at Metro Courthouse, Suite 108, P.O. Box 196300 Nashville, TN 37219.

3.    At all times relevant hereto, Defendant Elizabeth Berry-Loucks ("Berry-Loucks") was an employee and officer of the City of Nashville. Defendant Berry-Loucks can be found at 3055 Lebanon Pike Nashville, TN 37214 for service of process purposes. Defendant Berry-Loucks is being sued in both her official capacity as an officer of the Metro-Nashville Police Department and in her individual capacity for actions or inactions taken by her individually.

4.    At all times relevant hereto, Defendant Megan Arnett ("Arnett") was an employee and officer of the City of Nashville. Defendant Arnett can be found at 3055 Lebanon Pike Nashville, TN 37214 for service of process purposes. Defendant Arnett is being sued in both her official capacity as an officer of the Metro-Nashville Police Department and in her individual capacity for actions or inactions taken by her individually.

5.    At all times relevant hereto, Defendant Benjamin Winkler ("Winkler") was an employee and officer of the City of Nashville. Defendant Winkler can be found at 3055 Lebanon Pike Nashville, TN 37214 for service of process purposes. Defendant Winkler is being sued in both his official capacity as an officer of the Metro-Nashville Police Department and in his individual capacity for actions or inactions taken by him individually.

6.    At all times relevant hereto, Defendant Don Aaron ("Aaron") was an employee of the City of Nashville and the Police Department Public Affairs Manager. Defendant Aaron can be found at 3055 Lebanon Pike Nashville, TN 37214 for service of process purposes. Defendant Aaron is being sued in both his official capacity as public affairs manager for and in his individual capacity for actions or inactions taken by him individually.

### III.    JURISDICTION AND VENUE

3



7.    The acts and omissions described in the body of this Complaint all occurred in Nashville, Davidson County, Tennessee and venue is appropriate in this judicial district.

8.    This Honorable Court has jurisdiction over this matter as it involves claims under the Tennessee Governmental Tort Liability Act, United States and Tennessee Constitutions and other applicable laws.

## IV.    FACTS PERTAINING TO THE UNPROVOKED ATTACK ON THE PLAINTIFF AND UNLAWFUL BODY CAVITY SEARCH

9.    Upon information and belief, the Individual Defendants are officers in the Metro-Nashville Police Department.

10.    Upon information and belief, in the early morning hours of August 16, 2016, the Individual Defendants were in uniform, on duty and identified themselves a Metro Nashville Police Officers.

11.    After traveling to Georgia the morning of Saturday, August 13, 2016, Rachel Hall returned to her home situated at the Cambridge at Hickory Hollow apartments in Antioch, TN in the early morning hours of Tuesday, August 16, 2016.

12.    The police were on the scene of Rachel Hall's apartment upon her arrival.

13.    Upon approaching the premises to inquire as to the nature of the police being on the scene, and without any probable cause, Rachel Hall was handcuffed and taken inside the residence.

14.    Prior to Ms. Hall's arrival at the scene, the police officers present had already "bagged and tagged" all contraband and placed individuals, most of whom were in her apartment without Ms. Hall's knowledge or permission, under arrest for their respective contraband.

4

15. Without any probable cause and though she had committed no offense, the officers detained and handcuffed Ms. Hall, then shoved her into the apartment.

16. Ms. Hall offered no resistance to her rough treatment by the officers and was compliant with the officer's commands.

17. Ms. Hall was taken to the bedroom of her residence to be searched by the two female officers on the scene.

18. Defendant Berry-Loucks violently grabbed Ms. Hall and began to search the person of Ms. Hall. Defendant Berry-Loucks gave no commands and asked no questions as she began her search.

19. While performing the search of Ms. Hall, Defendant Berry-Loucks came across a syringe, which Defendant Berry-Loucks removed by the plastic plunger end from Ms. Hall's bra.

20. Upon removing the syringe, Officer Berry-Loucks placed it on the bed and began cursing at Ms. Hall yelling and screaming that she "could have" been injured.

21. Before Ms. Hall could respond to Defendant Berry-Loucks, the officer hit Ms. Hall with such force to the face that Ms. Hall fell backwards onto the bed and experienced great physical pain.

22. After the first blow, Defendant Berry-Loucks pulled Ms. Hall up off the bed and hit her in the face again with such force that it caused further pain and caused Ms. Hall to lose her balance.

23. When Ms. Hall begged Defendant Berry-Loucks to stop hitting her, the officer called her a "bitch", turned her around, pushed her face-down over the bed, and while lifting Ms. Hall's handcuffed arms away from her body began a violent digital search of Ms. Hall's vagina.

5

Copy

24. Using her fingers, Defendant Berry-Loucks digitally penetrated Ms. Hall's vagina at least five times conducting an "on-scene cavity search", without probable cause or a subpoena.

25. The violent assault upon Ms. Hall including hits to the face, as well as, being restrained and searched in such a violent and dehumanizing manner resulted in Ms. Hall suffering injury to her person and well-being including pain, suffering, embarrassment and humiliation.

26. At all times that Ms. Hall was in the presence of Defendant's Loucks and Arnett her hands were cuffed behind her back.

27. At the moment Ms. Hall was detained and searched she posed no risk of injury to any of the officers on the scene and exhibited no threatening or aggressive behavior towards the officers.

28. At the moment Ms. Hall's person was searched, she was not committing any crime, nor was she actively resisting the officer's detention of her, rather she was in compliance with the verbal commands of the officers.

29. As Ms. Hall was assaulted and digitally penetrated by Defendant Berry-Loucks, Defendant Megan Arnett was present, observed the entire ordeal and did not verbally or physically intervene.

30. Upon information and belief, Defendant Arnett observed or had reason to know that excessive force was being used against Ms. Hall and had both the opportunity and means to prevent the harm to Ms. Hall.

31. Defendant Arnett failed to intervene on behalf of Ms. Hall while Defendant Berry-Loucks violently hit and digitally penetrated Ms. Hall, subjecting the Plaintiff to excessive force and an illegal search.

6

Copy

32.    At no relevant time did Plaintiff Hall commit any conduct which would justify her detention, arrest, the search of her person or the physical assault and battery inflicted upon her by the Defendant officers.

33.    At some point, and possibly after hearing Ms. Hall's cries for help, several male officers entered the room at which point the assault, battery and unlawful search terminated.

34.    After some discussion, unknown male officers contacted Division of Sex Crimes detectives to talk to Ms. Hall. Upon information and belief, Ms. Hall was transported to Nashville General Hospital where she was interviewed and given a sexual assault examination some six (6) hours after the complained of events occurred.

35.    Officer Berry-Loucks was reportedly decommissioned and issued a misdemeanor arrest citation for "slapping" Ms. Hall.

36.    Upon information and belief, while Ms. Hall was being treated at General Hospital, Defendant Aaron began disseminating a press release which claimed Defendant Berry-Loucks was "stuck" by an uncapped syringe and in reaction "slapped" Ms. Hall "with an open hand". The press release also stated that Ms. Hall was in possession of items of contraband which Defendants knew or had reason to know, she never possessed.

37.    Defendant Aaron's press release included a "mug shot" photograph of Plaintiff and was republished by various local, national and international media websites, causing Ms. Hall humiliation and emotional distress among other injuries.

38.    Upon information and belief, Defendant Aaron knew or recklessly disregarded the false and misleading nature of the information published in the press release and the false light in which said release depicted Ms. Hall.

7



39.    Defendant Arnett knowingly and deliberately, or with a reckless disregard for the truth, completed three arrest warrant affidavits charging Ms. Hall with a Felony Drug Offense, Possession of a Firearm w/Intent, and Criminal Simulation.

40.    Defendant Winkler knowingly and deliberately, or with a reckless disregard for the truth, completed three additional arrest warrant affidavits charging Ms. Hall with Possession of a Legend Drug without a Prescription, Unlawful Use of Drug Paraphernalia, and Theft of Merchandise.    Defendant Winkler's arrest warrant affidavit for Unlawful Use of Drug Paraphernalia did not charge Ms. Hall with possession of a syringe.

41.    All criminal charges against Ms. Hall were subsequently dismissed in Davidson County Criminal Court.

## V.    CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE CITY OF NASHVILLE

### i.    The City's Custom and/or Practice of Permitting Police Officers to Perform On-Scene Cavity Searches

42.    The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

43.    Defendant City of Nashville implicitly or explicitly adopted and implemented careless and reckless policies, procedures, customs, or practices that included authorizing employees of the Metro-Nashville Police Department to perform "on-scene cavity searches" upon the citizenry of Nashville.

44.    Upon information and belief, the Individual Defendants had previously used similar "on-scene cavity searches" in dealing with others in the community.

8



45. The City of Nashville knew, or should have known, that one or more of the Individual Defendants had a history of performing "on-scene cavity searches" on or prior to August 15, 2016, at the time of the vicious assault on the Plaintiff.

46. The City of Nashville did not take any actions to stop the Individual Defendants' use of exceedingly violent and dangerous "on-scene cavity searches" by its officers.

47. The City of Nashville knew, or should have known, that in the absence of official action to stop the Individual Defendants from employing excessive force, unlawful searches and intrusive "on-scene cavity searches", the Individual Defendants were likely to engage in unlawful conduct including but not limited to the assault and use of excessive force, and unlawful searches of citizens like the Plaintiff.

48. The failure of the City of Nashville to adequately implement and enforce policies and procedures, train and/or supervise the Individual Defendants amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable searches and seizures under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

49. As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

**ii.** **The City's Acquiescence to the Individual Defendants' Excessive and Unwarranted Use of Force Under Official Authority**

50. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

51. Upon information and belief, the Individual Defendants were on-duty at the time they attacked and unlawfully detained the Plaintiff.

9

Copy

52.    Defendant City of Nashville implicitly or explicitly adopted and implemented careless and reckless policies, procedures, customs, or practices authorizing officer employees of the Metro-Nashville Police Department to perform their official police duties, including but not limited to using excessive and unwarranted force during their interactions with an innocent civilian, without provocation.

53.    The City of Nashville knew, or should have known, that its officers routinely perform their official police duties, including but not limited to affecting the rights of a civilian, while implementing illegal and excessive force.

54.    The City of Nashville did not take adequate actions to stop the use of excessive and illegal force by its officers on August 15, 2016.

55.    The City of Nashville knew or should have known that, in the absence of a reasonable procedure, policy, training or supervision to deter police officers from using excessive and unwarranted force, civilians including the Plaintiff would be subject to unlawful assaults by police officers, and/or excessive force during detentions.

56.    The failure of the City of Nashville to adequately implement policies and procedures, train or supervise the Individual Defendants amounts to deliberate indifference to the rights of the Plaintiffs to be free from excessive force and unreasonable seizures under the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States.

57.    As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiffs suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

### iii.    General Allegations Germane to the City's Constitutional Violations

10

Copy

58. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

59. The above-described actions of the City and the Individual Officers, in their official capacity, were taken under color of state law and in violation of the rights secured to the Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitutions of the United States. These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occurs without due process of law and the right to a fair trial.

60. At all relevant times, the Plaintiff had a right to be free from excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occurs without due process of law and the right to a fair trial. Each of these rights were clear and well-established at the time of the incidents and facts alleged herein.

61. At all relevant times herein, the City failed to exercise its ability and duty to intervene for the purpose of preventing the acts complained of herein.

62. The City of Nashville is responsible for the hiring, training, and control of all personnel of the Metro-Nashville Police Department. The City of Nashville establishes the Metro-Nashville Police Department's policy with respect to the manner in which persons are detained, the use of force in such detentions, the reporting of incidents and altercations with citizens, the investigation of alleged misconduct relating to same as well as the performance of official police duties by officers within the City of Nashville.

63. The City of Nashville is liable because:

    (i)    The Plaintiffs' rights were violated pursuant to these unconstitutional policies and/or customs, whether express or implicit;

11

Copy

(ii)    the City of Nashville had actual or constructive knowledge of the same or similar conduct by the Metro-Nashville Police Department's employees including the Individual Defendants, and acted with deliberate indifference regarding same;

(iii)    the City of Nashville failed to act to prevent such misconduct and deprivation of rights which permitted the same to become the policy and/or custom of the Metro-Nashville Police Department;

(iv)    the City of Nashville failed to property investigate or address the concerns of misconduct inflicted upon Ms. Hall and actively attempted to suppress evidence of the misconduct.

64.    The failure of the Defendant City of Nashville to hire, adequately train and/or supervise Metro-Nashville Police Department personnel, including but not limited to the Individual Defendants, is derived from inadequate and constitutionally deficient hiring procedures, training procedures, and procedures involving the investigation of complaints against and discipline of Metro-Nashville police officers, and said failure amounts to a deliberate indifference to the rights of persons with whom Metro-Nashville police officers come into contact.

65.    There is a culture and practice within the Metro-Nashville Police Department of disparate treatment of members of low socioeconomic status, and the conduct complained of herein was the result of said bias.

66.    The misconduct and deprivation of the Plaintiff's rights by the City of Nashville and Metro-Nashville Police Department personnel as described herein was reasonably foreseeable to the Defendant City of Nashville.

67.    The remedies available under Tennessee law for redressing the deprivation of the Plaintiff's constitutional rights are inadequate.

12

Copy

68.     The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

69.     The Individual Defendants acted under color of law and in their official capacity to deprive the Plaintiff of his right to be free from excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occurs without due process of law and the right to a fair trial. The Defendants' actions described herein directly and proximately caused the Plaintiff's physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

70.     As a direct and proximate result of the policies, procedures, customs, and actions of the Defendants, the Plaintiff suffered deprivations of his constitutional rights, physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

## VI.     CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS, INDIVIDUALLY

71.     The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

72.     The Individual Defendants individually and under color of law acted willfully, maliciously, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and federally protected civil rights of the Plaintiff.

73.     The aforesaid conduct of the Individual Defendants was motivated by bias associated with socioeconomic status, evil motive or intent and involved willful, reckless and callous indifference to the federally protected rights of the Plaintiff.

13

74. A reasonable official in the Individual Defendants' position would have understood that the aforesaid conduct violated the clearly established constitutional rights of the Plaintiff.

75. The motivation of the Individual Defendants was bias derived from encounters of citizens of low socioeconomic status and disparate treatment of members of the community of low socioeconomic status.

76. By virtue of the foregoing, the Individual Defendants are liable to the Plaintiff, pursuant to 42 U.S.C.A. § 1983. The Individual Defendants, acting individually and under color of state law, engaged in a course of conduct which caused pain, suffering, and injuries to the Plaintiff, and violated her rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article I, Section 7 of the Tennessee Constitution. These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty and the right to be free from summary punishment that occurs without due process of law and the right to a fair trial.

77. As a direct and proximate result of the actions of Individual Defendants, the Plaintiff suffered deprivation of her constitutional rights, physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

## VII. CLAIMS AGAINST THE CITY OF NASHVILLE PURSUANT TO THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

78. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

14.

Copy

79. Defendant, City of Nashville, by or through its agents, servants and employees, is guilty of negligent acts or omissions where immunity has been removed under Tenn. Code Ann. §29-20-205.

80. Defendant, City of Nashville, by or through its agents, servants and employees, is guilty of negligent employment and retention practices which are the proximate cause of intentional torts committed by its agents, servants and employees where immunity has been removed under Tenn. Code Ann. §29-20-205.

81. The agents, servants, and/or employees of the City of Nashville were negligent by permitting the illegal detention of and improper use of force upon the Plaintiff on August 16, 2016, without probable cause to support the detention arrest and said negligence was committed within the scope of the employment of the agents, servants, and/or employees of the City of Nashville.

82. The false imprisonment of the Plaintiff was not pursuant to a mittimus from a court.

83. The City of Nashville had actual and constructive notice that, on August 16, 2016, its agents, servants, and/or employees falsely detained the Plaintiff without probable cause.

84. The City of Nashville had a duty to supervise and prevent its agents, servants, and/or employees from falsely imprisoning citizens, including the Plaintiff, without probable cause and breached its duty by the acts complained of herein.

85. The City of Nashville had a duty to implement and follow as reasonable procedure for the supervision of officers and review of the use of force upon the citizens of Nashville.

15

Copy

86. The City of Nashville had a duty to reasonably respond and address complaints raised by its citizens, such as your Plaintiff, concerning alleged misconduct of its officers.

87. As a direct and proximate cause of the City of Nashville's breach of duties, the Plaintiff sustained physical injury, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, damage to his personal reputation and standing in the community, for which damages are sought.

## VIII. CIVIL ASSAULT AND BATTERY

88. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

89. The Individual Defendants' conduct as set forth herein was intentional and constitutes civil assault and battery for which they are liable to the Plaintiff.

90. The Individual Defendants' conduct was in reckless disregard for the safety and well-being of the Plaintiff who was not engaged in criminal activity at the time of his detention and assault.

91. Further, to the extent that the Individual Defendants were acting within the course and scope of their employment when they assaulted and battered the Plaintiff and may claim that they were acting within their discretion, the Plaintiff avers that the Individual Defendants greatly or substantially exceeded their authority and caused the Plaintiff's physical, emotional and mental harm.

92. The Individual Defendants' conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental anguish, mental and emotional

16



distress, extreme embarrassment, fear of loss of employment, damage to her personal and business reputation and standing the community, for which damages are sought.

## IX. FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

93. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

94. The Individual Defendants, acting individually and in concert, knowingly, intentionally and recklessly detained the Plaintiff against her will, falsely and without just cause and/or probable cause.

95. The Individual Defendants' conduct was in reckless disregard for the safety and well being of the Plaintiff who was not engaged in criminal activity at the time of her detention.

96. Further, to the extent that the Individual Defendants were acting within the course and scope of their employment when they falsely detained and imprisoned the Plaintiff and may claim that they were acting within their discretion, the Plaintiff avers that the Individual Defendants greatly or substantially exceeded their authority and caused the Plaintiff harm.

97. The Individual Defendants' conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, fear of loss of employment, damage to her reputation and standing in the community for which damages are sought.

## IX. FALSE LIGHT – INVASION OF PRIVACY

98. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

17

Copy

99. The City of Nashville has a duty to respect the privacy rights of its citizens under the Fourth and Fourteenth Amendments, and not to abridge citizens First Amendment Rights or engage in retaliation against citizens who complain of unlawful police conduct.

100. Further, to the extent that the Individual Defendants were acting within the course and scope of their employment when they portrayed the Plaintiff in a false light to justify and minimize the Individual Defendants actions and the scope of the malicious, unwarranted and unlawful acts perpetrated by the Individual Defendants on Plaintiff and may claim that they were acting within their discretion, the Plaintiff avers that the Individual Defendants greatly or substantially exceeded their authority and caused the Plaintiff harm.

101. The Individual Defendants' conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, fear of loss of employment, damage to her reputation and standing in the community for which damages are sought.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Rachel Hall demands that a jury be empaneled to try the issues raised herein which are properly triable before a jury of her peers and prays for a judgment against the Defendants referenced above for the following:

      (i)      Compensatory damages for both the federal and state court claims in an amount not less than $3,000,000.00 or an amount the jury may determine just and proper under the circumstances and/or which may be permitted by law;

      (ii)     Punitive damages be awarded against the Defendants;

      (iii)    Attorney's fees and costs pursuant to 42 U.S.C. §1988;

      (iv)    Pre and post judgment interest;

18



(v)     Discretionary costs; and

(vi)     All such further relief, both general and specific, to which Plaintiff may be entitled or to which she may show herself entitled.

Respectfully Submitted;

Sais Phillips Finney, No. 028845
*Co-Counsel for Plaintiff*
4235 Hillsboro Pike, Suite 300
Nashville, TN 37215
(615) 567-7315 phone
(615) 800-2098 fax
sais@asapfinneylaw.com

S. S. Richards, No. 028868
*Co-Counsel for Plaintiff*
1201 A 7th Ave N
Nashville, Tennessee 37208
Phone: (615) 742-5373
Facsimile: (615) 742-5375
Email: sr@mylawyertennessee.com

19

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE**
2011 AUG 15 PM **DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**
RICHARD R ROOKER, CLERK

☐ First
☐ Alias
☐ Pluries

RACHEL HALL

**CIVIL ACTION
DOCKET NO.** 17C2035

**Plaintiff**

**Method of Service:**

Vs.

☐ Davidson County Sheriff

☐ Out of County Sheriff

METRO GOVERNMENT OF NASHVILLE AND DAVIDSON CTY

☐ Secretary of State

C/O MACY AMOS, CITY ATTORNEY

☑ Certified Mail

METRO COURTHOUSE SUITE 108, PO BOX 196300

☐ Personal Service

NASHVILLE, TN 37219

☐ Commissioner of Insurance

**Defendant**

DIW/C

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

**ISSUED:** 8|15|17

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | SAIS PHILLIPS FINNEY, ESQ. |
| | 4235 HILLSBORO PIKE |
| | Address |
| | NASHVILLE, TN 37215 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2011 AUG
RICHARD R ROOKER, CLERK

☐ First
☐ Alias
☐ Pluries

RACHEL HALL

CIVIL ACTION
DOCKET NO. 17C2035

_____ Plaintiff

Vs.

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

ELIZABETH BERRY-LOUCKS

☐ Secretary of State

BADGE 140784

☑ Certified Mail

3055 LEBANON PIKE

☐ Personal Service

NASHVILLE, TN 37214

☐ Commissioner of Insurance

_____ Defendant

D2w/C

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 8 15 17

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | SAIS PHILLIPS FINNEY, ESQ. |
|---|---|
| | 4235 HILLSBORO PIKE |
| | Address |
| | NASHVILLE, TN 37215 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
AUG 20TH JUDICIAL DISTRICT

RICHARD R ROOKER, CLERK

☐ First
☐ Alias
☐ Pluries

RACHEL HALL

                                              Plaintiff

Vs.

MEGAN ARNETT

BADGE 140787

3055 LEBANON PIKE

NASHVILLE, TN 37214

                                              Defendant

CIVIL ACTION
DOCKET NO. 17C2035

Method of Service:

☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☑ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

D3 w/c

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 8/15/17

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | SAIS PHILLIPS FINNEY, ESQ. |
| or | 4235 HILLSBORO PIKE |
| | Address |
| PLAINTIFF'S ADDRESS | NASHVILLE, TN 37215 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

                                              SHERIFF

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2017 AUG 15 PM 3: 45

RICHARD R ROOKER, CLERK

☐ First
☐ Alias
☐ Pluries

RACHEL HALL

_____

_____

Plaintiff

CIVIL ACTION
DOCKET NO. 17C2035

Vs.

DON AARON

PUBLIC AFFAIRS MANAGER METRO PD

3055 LEBANON PIKE

NASHVILLE, TN 37214

Defendant

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☑ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

D4 w/C

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 8/15/17

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | SAIS PHILLIPS FINNEY, ESQ. |
|---|---|
| or | 4235 HILLSBORO PIKE |
| PLAINTIFF'S ADDRESS | Address |
| | NASHVILLE, TN 37215 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**STATE OF TENNESSEE**
2017 AUG 15 PM 3:4 **DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**
RICHARD R. ROOKER, CLERK

☐ First
☐ Alias
☐ Pluries

RACHEL HALL _Chatman c._

CIVIL ACTION
DOCKET NO. _17C2035_

_____
_____
                   **Plaintiff**

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☑ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

**Vs.**

BENJAMIN WINKLER

BADGE 876576

3055 LEBANON PIKE

NASHVILLE, TN 37214
                   **Defendant**

D5 W I C

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

**ISSUED:** _8 | 15 | 17_

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

**By:** _____
Deputy Clerk

| **ATTORNEY FOR PLAINTIFF** | SAIS PHILLIPS FINNEY, ESQ. |
|---|---|
| *or* | 4235 HILLSBORO PIKE |
| **PLAINTIFF'S ADDRESS** | Address<br>NASHVILLE, TN 37215 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.