IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:17-cv-1268 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| THE METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Pending before the Court are Defendant Arnett's Motion for Summary Judgment (Doc. No. 48) and Defendant Berry-Loucks' Motion for Summary Judgment (Doc. No. 52). Plaintiff has failed to respond to either Motion, despite being given additional time. *See* Doc. No. 62. If a timely response is not filed, the motion shall be deemed to be unopposed. Local Rule 7.01(a)(3). In addition, Plaintiff has failed to file a timely response to Defendants' Statements of Undisputed Facts (Doc. Nos. 50 and 54), as required by Local Rule 56.01(b). If a timely response is not filed within the required time periods, the asserted facts shall be deemed undisputed for purposes of summary judgment. Local Rule 56.01(f).

The Court may not grant Plaintiff's Motion solely because Defendant failed to respond, however. *LeMaster v. Alternative Healthcare Solutions, Inc.*, 726 F. Supp. 2d 854, 860 (M.D. Tenn. 2010) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). The Court, at a minimum, is required to examine Defendants' Motions for Summary Judgment to ensure that they have discharged their initial burden, which this Court has done. *Id.*

# BACKGROUND[1]

This action arises from Plaintiff's arrest on August 16, 2016, in Antioch, Tennessee. Defendants Berry-Loucks and Arnett were officers with the Metro Police Department at the time of Plaintiff's arrest. Plaintiff was arrested in her apartment parking lot, handcuffed, and taken inside her apartment by a male officer. Plaintiff was detained because narcotics, stolen guns, and money had been found inside her apartment. In addition, there were six outstanding warrants for Plaintiff's arrest. Other people in Plaintiff's apartment had already been searched, and officers had found narcotics hidden on both of them. Plaintiff was escorted into her bedroom by a male officer, who closed the door and left Plaintiff with two female officers, Berry-Loucks and Arnett. Berry-Loucks began searching Plaintiff's person, and Arnett began searching the room for contraband.

As Berry-Loucks was conducting the search of Plaintiff, she was stabbed by a syringe hidden in Plaintiff's bra. Berry-Loucks immediately created distance between herself and Plaintiff, in accordance with police policy, by pushing Plaintiff back, because Plaintiff was now considered to have a weapon. After Berry-Loucks realized it was a syringe, she continued the search to ensure that Plaintiff had no other weapons on her person. During all of the search, Plaintiff was fully dressed, and Berry-Loucks' hand was *outside* Plaintiff's clothing. Yet Plaintiff claims Berry-Loucks was able to penetrate her fingers through Plaintiff's pants and into Plaintiff's vaginal cavity.

It is an approved police search practice for an officer to run her open hand up and down a suspect's legs and to conduct an open-hand, over-the-clothes search of private areas where contraband could be, and often is, hidden. Plaintiff's pants were never pulled down or removed,

---

[1] These facts are taken from Defendants' Statements of Undisputed Facts, which (as noted above) are deemed to be undisputed for purposes of these Motions.

and the entire pat-down was conducted outside of Plaintiff's clothes. Defendant Arnett never saw any digital penetration during the search of Plaintiff's vaginal area. Only after she arrived at the South Precinct did Plaintiff complain about the manner of the search. She did not ask for medical assistance or complain of pain. The medical report from Plaintiff's visit to the emergency room stated that no bruising or trauma was found in Plaintiff's vaginal area.

After the Court's Order on various Motions to Dismiss (Doc. No. 25), the remaining claims are an excessive force claim for failure to intervene, brought under 42 U.S.C. § 1983, against Defendant Arnett and an excessive force claim, brought under 42 U.S.C. § 1983, and a state law assault-and-battery claim against Defendant Berry-Loucks.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id.* at 628. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628.

## FAILURE TO INTERVENE – DEFENDANT ARNETT

Generally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring. *Smith v. City of Troy, Ohio*, 874 F.3d 938, 945-46 (6th Cir. 2017); *Fromuth v. Metropolitan Gov't of Nashville*, 158 F. Supp. 2d 787, 795 (M.D. Tenn. 2001). The facts—as admitted by virtue of Plaintiff's failure to respond to either Defendant Arnett's Requests for Admissions (Doc. No. 48-3 )[2] or Defendant Arnett's Statement of Material Facts not in Dispute (Doc. No. 50)— indicate that Plaintiff cannot establish either of these elements of a failure to intervene claim.

Defendant Arnett has testified that she was searching the room for contraband as Officer Berry-Loucks was searching Plaintiff's person, and Arnett was not watching every interaction between Berry-Loucks and Plaintiff. Doc. No. 50, ¶ 9. Defendant Arnett has also testified that she never saw any digital penetration during the search of Plaintiff's vaginal area. *Id.* at ¶ 12. Plaintiff has stated that she asked Arnett to "stop" Berry-Loucks, but Plaintiff admitted she did not tell Arnett that Berry-Loucks was conducting a body cavity search, and Berry-Loucks did not announce any intention to perform a body cavity search. *Id.* at ¶¶ 14-15. Defendant Arnett could not see from her position whether Berry-Loucks was actually putting her fingers inside Plaintiff, as Plaintiff claims, or merely touching her private area over her clothes. *Id.* at ¶ 16. Finally, Plaintiff has admitted that Defendant Arnett did not have the opportunity to stop the physical touching of

---

[2] Because Plaintiff failed to file timely responses to the Requests for Admissions in accordance with Fed. R. Civ. P. 36, those facts are deemed to be admitted. Fed. R. Civ. P. 36(a)(3).

Plaintiff by Berry-Loucks or to prevent the alleged search of Plaintiff's vaginal area. *Id*. at ¶¶ 21-22.

Thus, Plaintiff has failed to show that there are genuine issues of material fact as to her remaining allegations against Defendant Arnett, and Defendant Arnett has carried her burden to show that she is entitled to judgment as a matter of law. Accordingly, Defendant Arnett's Motion for Summary Judgment (Doc. No. 48) is **GRANTED**, and Plaintiff's claims against Defendant Arnett are **DISMISSED** with prejudice.

## **EXCESSIVE FORCE – DEFENDANT BERRY-LOUCKS**

Because the alleged excessive force occurred during a search incident to arrest, Plaintiff's claim against Defendant Berry-Loucks is brought under the Fourth Amendment. *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010). Plaintiff alleges that, during her search of Plaintiff, Defendant Berry-Loucks slapped Plaintiff's face and penetrated her vaginal cavity with her fingers. Plaintiff has not disputed that Officer Berry-Loucks followed Metro's protocol and policy for performing searches incident to an arrest. Doc. No. 54 at ¶ 60. Plaintiff admits that while searching the front of Plaintiff, Berry-Loucks was stabbed in the wrist by a syringe hidden in Plaintiff's bra. *Id.* at ¶ 67. As a result, Berry-Loucks, having been stabbed by something, considered Plaintiff to have a weapon and, pursuant to police policy, "created distance" between herself and Plaintiff. *Id.* at ¶¶ 68 and 70.

Plaintiff also has not disputed Defendant Berry-Loucks' testimony that her hand was on the *outside* of Plaintiff's clothing during the search. *Id*. at ¶ 72. Plaintiff does not dispute that her pants were never pulled down or removed or that the entire pat down was done on the outside of her pants. *Id*. at ¶ 78. Yet Plaintiff claims that Berry-Loucks was able to penetrate through Plaintiff's pants and into her vaginal cavity five or six times. *Id*. at ¶ 76. Plaintiff also does not

5

dispute that she did not complain about the manner in which she was searched until she arrived at the South Precinct or that her medical report from Nashville General Hospital that night stated that no bruising or trauma was found in her vaginal area. *Id*. at ¶¶ 90 and 98.

An excessive force claimant must show something more than *de minimus* force. *Leary v. Livingston Cty*, 528 F.3d 438, 443 (6th Cir. 2008). When assessing excessive-force claims under the Fourth (or Fourteenth)[3] Amendment, the Court must inquire whether the plaintiff has shown that the force purposely or knowingly used against her was objectively unreasonable. *Hopper v. Plummer*, 887 F.3d 744, 752 (6th Cir. 2018). The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id*. (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The objective reasonableness depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight. *Binay*, 601 F.3d at 647; *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007).

Considering all the facts testified to and asserted by Defendant Berry-Loucks and not disputed by Plaintiff, the Court finds that the force used in Berry-Loucks' search of Plaintiff was not objectively unreasonable or excessive. Factors that may be considered in making this determination include the relationship between the need for the use of force and the amount of force used. Berry-Loucks had been stabbed by something under Plaintiff's clothes at the time she pushed Plaintiff away.[4] Another factor is the extent of Plaintiff's injury. Plaintiff did not ask for

---

[3] A claim of excessive force by a pretrial detainee is analyzed under the Fourteenth Amendment, and the standard is the same objective test. *Hopper v. Plummer*, 887 F.3d 744, 752 (6th Cir. 2018).

[4] Plaintiff testified at her deposition that Defendant Berry-Loucks slapped her face (as opposed to merely pushed her). Doc No. 58-1 at 24. Other than Plaintiff's word, however, there is no evidence that Berry-Loucks slapped Plaintiff's face, and the facts deemed undisputed show that Plaintiff was pushed to create distance rather than slapped in the face.

medical assistance while at the precinct and did not complain that she was suffering from pain. *Id*. at ¶ 91-92. There was no evidence of bruising, trauma, or medical treatment caused by this search. *Id*. at ¶¶ 98-101. Additionally, the Court may consider the threat reasonably perceived by the officer—here, having been stabbed by something in Plaintiff's clothing, Berry-Loucks reasonably perceived a threat. The Court finds it objectively unreasonable to believe Plaintiff's allegation about penetration of Plaintiff's vaginal cavity through her pants. Berry-Loucks has testified that her hand was on the outside of Plaintiff's clothes at all times during the search. Plaintiff has merely alleged, but not shown, otherwise.

For all these reasons, Defendant Berry-Loucks' Motion for Summary Judgment is **GRANTED**.[5] Defendant has carried her burden to show that there are no genuine issues of material fact and she is entitled to judgment as a matter of law. Plaintiff has not rebutted this proof, and her constitutional claim against Defendant Berry-Loucks is **DISMISSED** with prejudice. Having dismissed the remaining federal claim, the Court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over Plaintiff's state-law assault and battery claim against Defendant Berry-Loucks, and that claim is **DISMISSED** without prejudice.

## CONCLUSION

Defendants' Motions for Summary Judgment (Doc. Nos. 48 and 52) will be **GRANTED**, and this action will be **DISMISSED**,

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[5] As noted, the Court will dismiss without prejudice, rather than grant summary judgment on, Plaintiff's one remaining state-law. Because this is what Defendant Berry-Loucks requested (Doc. No. 53 at 12), it is accurate to say that the Court is granting her summary judgment motion in its entirety even though it is not granting her summary judgment on all counts against her.